Hand-Delivered

FILED
CHARLOTTE, NC

MAY 12 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:19-cv-00681-FDW-DSC

KIM C. GREEN

       Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

       Defendants.

## CORRECTED ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA

Plaintiff Kim C. Green in the above – entitled and numbered cause, and files this Corrected Original Complaint for the violations of the FDCPA as follows:

| | | |
|---|---|---|
| I. | NATURE OF ACTION…………………………………………………… | page 1 |
| II. | JURISDICTION AND REVIEW……………………………………..….. | page 2 |
| III. | PARTIES……………………………………………………………….… | page 2 |
| IV. | FDCPA CLAIMS………………………………………………………… | page 2 |
| V. | FACTUAL ALLEGATIONS……………………………………………... | page 3 |
| VI. | COUNT 1 – VIOLATIONS OF THE FDCPA…………..…………,,…… | page 4 |
| VII. | COUNT II – VIOLATIONS OF THE NCCAA………………………… | page 4 |
| VIII. | COUNT III – VIOLATIONS OF THE NCDCA…………………….…... | page 6 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00681-GCM

KIM C. GREEN

Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.

Defendants.

TRAIL BY JURY DEMANDED

## CORRECTED ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA

Plaintiff Kim C. Green previously filed this Complaint with the Court and misstated that it was the First Amended Complaint instead of the Original Complaint. Plaintiff misstated the applicable North Carolina Statue. Instead of "North Carolina Fair Debt Collection Practices Act" (NCDCPA), it is the "North Carolina Collections Agency Act" (NCCAA). Ms. Green adds the "North Carolina Debt Collection Act" (NCDCA) to her Corrected Original Complaint and states as follows:

### I. NATURE OF ACTION

1. Ms. Green bring this action for the illegal practices of the Defendant Midland Credit Management, Inc. (Midland), for using false, deceptive, and misleading practices, and other illegal collection communications in connection with communicating with a third party in its attempts to collect an alleged defaulted consumer debt. Midland is in violation of the federal Fair Debt Collection Practices Act (**FDCPA**), 15 U.S.C. § 1692, *et seq.*, N.C.G.S. § 58-70 *et seq.*, titled "North Carolina Collection Agency Act" (**NCCAA**) and N.C.G.S. § 75-50 *et seq.*, titled the "North Carolina Debt Collection Act" (**NCDCA**), all

Corrected Original Complaint Kim Green vs. Midland Credit Management   Page 1 of 7

Case 3:19-cv-00681-GCM   Document 8   Filed 05/12/20   Page 2 of 8

of which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices in attempting to collect upon consumer debt.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. The occurrences which give rise to this action occurred in Union County, North Carolina.

4. Venue is proper in the Western District of North Carolina Division to 28 U.S.C. §1391(b).

## III. PARTIES

5. Plaintiff, Kim C. Green (Green), is a natural person who resides in Union County, in the State of North Carolina.

6. Defendant, Midland Credit Management, Inc., (Midland) a debt collection company with principal office at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

7. Midland is a debt collector who is in the business of collecting debts using instrumentality of interstate commerce and mail that regularly collects or attempts to collect debts owed, or alleged to be owed, due another.

8. Midland has applied for and has been granted licenses to operate as a collection agency by the North Carolina Department of Insurance, and has been issued the permit numbers 101659, 4182, 4250, 3777, 111895, 112039, 113170, 113236 and 112678.

9. Midland is in the business of collecting consumer debts using instrumentality of interstate commerce and mail that regularly collects or attempts to collect consumer debts owed, or alleged to be owed, due another.

## IV. FDCPA CLAIMS

10. Ms. Green is a "consumer" as defined by 15 U.S.C. § 1692a(c);

Corrected Original Complaint Kim Green vs. Midland Credit Management    Page 2 of 7

Case 3:19-cv-00681-GCM   Document 8   Filed 05/12/20   Page 3 of 8

11. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) meaning any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another;

12. That the alleged debt, which is the subject matter is a consumer "debt" meaning any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment as defined by 15 U.S.C.§ 1692a(5);

13. The "communication" meaning the conveying of information regarding a debt directly or indirectly to any person through any medium is that term as is defined by the 15 U.S.C.§ 1692a(2);

14. Midland illegally engaged in communication with Brian Green, a third party on his cell phone at 201.873.2037 as defined in 15 U.S.C. § 1692c(b).

## V. FACTUAL ALLEGATIONS

15. On December 2nd, 2019, Ms. Green was informed by Brian Green a **third party** that he received a telephone call to his wireless phone number 201.873.2037 at 2:59 p.m. until 3:09 p.m., which was originated presumably from a land line or an audio dialer from a No Caller ID phone number. The unknown number was used by a representative name Kim of Midland to communicate a consumer allege debt from a third party.

16. At no time has Ms. Green given her express consent, written or otherwise, to Midland to call Brian Green, a third party's cell phone number.

Corrected Original Complaint Kim Green vs. Midland Credit Management    Page 3 of 7

Case 3:19-cv-00681-GCM   Document 8   Filed 05/12/20   Page 4 of 8

17. Midland discussed Ms. Green's personal, confidential, and financial information with a Brian Green, a third party in an attempt to collect an alleged consumer debt.

18. Midland illegally communicated by calling Brian Green's cell phone, a third party in connection with the collection of a defaulted alleged debt other than the consumer.

## VI. FIRST CAUSE OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

19. Ms. Green incorporates by reference all of the above paragraphs of this Corrected Original Complaint as though fully stated herein.

20. Midland violated 15 U.S.C. § 1692c(b) by communicating with Brian Green, a third party other than the consumer.

21. Under 15 U.S.C. § 1692k(a)(2)(A), Midland's violation of the FDCPA renders them liable to Ms. Green includes, but not limited to statutory damages, costs, and reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Ms. Green prays this Court:

    a) Declare that Midland's actions violated the FDCPA;

    b) Enter judgment in favor of Ms. Green for statutory damages of $1,000.00 under 15 U.S.C. §1692k(a)(2)(A);

    c) Grant such further relief as deemed just.

## VII. SECOND CAUSE OF ACTION
### COUNT II
### VIOLATIONS OF THE NORTH CAROLINA COLLECTION AGENCY ACT
### ACT, N.C. Gen.Stat. § 58-70, *et seq.*

Corrected Original Complaint Kim Green vs. Midland Credit Management     Page 4 of 7

Case 3:19-cv-00681-GCM   Document 8   Filed 05/12/20   Page 5 of 8

22. Ms. Green re-alleges and incorporates by reference the allegations in paragraphs 15-22 of this Corrected Original Complaint.

23. Ms. Green is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

24. Ms. Green is a "consumer" and a non-debtor as the term is defined by N.C. Gen.Stat. § 58-90-(2)

25. Midland is a "debt collector" and/or "collection agency" engaged in the act and/or practice of debt collection as defined by N.C. Gen.Stat. §§ 58-70-15, and 58-70-90(1).

26. Midland violated N.C. Gen.Stat. § 58-70-110 in its deceptive representation by calling Brian Green's cell phone at 201.873.2037 in an attempt to "obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."

27. Under N.C. Gen.Stat. § 58-70-130(b), Midland's violation of the NCCAA renders them liable to Ms. Green includes, but not limited to statutory damages, costs, and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Green prays this Court:

a) Declare that Midland's actions violated the NCCAA;

b) Enter judgment in favor of Ms. Green for each and every violation of the NCCAA by Midland. Ms. Green is entitled to statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action under N.C. Gen.Stat. § 58-70-130(b);

c) An award of statutory and actual damages for an amount to be determined by the Court on Motion or at trial;

Corrected Original Complaint Kim Green vs. Midland Credit Management    Page 5 of 7

Case 3:19-cv-00681-GCM    Document 8    Filed 05/12/20    Page 6 of 8

d) Grant such further relief as deemed just.

## VIII. THIRD CAUSE OF ACTION
## COUNT III
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT
## N.C. Gen.Stat. § 75-50, *et seq.*

28. Ms. Green re-alleges and incorporates by reference the allegations in paragraphs 15-28 of this Corrected Original Complaint;

29. Midland is a debt collector as defined by N.C. G.S. § 75-50(3);

30. Midland violated N.C. G.S. § 75-54 by communicating with Brian Green, a third party in an "attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation;"

31. Under N.C. G.S. § 75-56(b) Midland's violation of the NCDCA renders them liable to Ms. Green includes, but not limited to statutory damages, costs, and attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Ms. Green prays that this Court:

a) Declare that Midland's actions violated the NCDCA;

b) Enter judgment in favor of Ms. Green for each and every violation of the NCDCA by Midland. Ms. Green is entitled to statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action under the N.C. Gen.Stat. § 75-56(b);

c) An award of statutory and actual damages for an amount to be determined by the Court on Motion or at trial;

Corrected Original Complaint Kim Green vs. Midland Credit Management    Page 6 of 7

Case 3:19-cv-00681-GCM   Document 8   Filed 05/12/20   Page 7 of 8

d) Grant such further relief as deemed just.

## DEMAND FOR TRIAL BY JURY

Ms. Green hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 12, 2020

Respectfully Submitted,

*/s/ Kim C. Green/*

Kim C. Green
113 Indian Trail Road N, Suite 280
Indian Trial, NC 28079
201.967.5973
kimcgreen@gmail.com

Corrected Original Complaint Kim Green vs. Midland Credit Management    Page 7 of 7

Case 3:19-cv-00681-GCM    Document 8    Filed 05/12/20    Page 8 of 8