FILED
CHARLOTTE, NC
JUN 1 2 2020
US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE No: 3:19-cv-00681-GCM

| | |
|---|---|
| KIM C. GREEN<br><br>**Plaintiff,**<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>**Defendants.** | **TRAIL BY JURY DEMANDED** |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

COME NOW Kim C. Green Plaintiff ("Green"), and states the following complaint for violations of the Fair Debt Practices Act ("FDCPA"), North Carolina Debt Collection Act, N.C. Gen.Stat. § 75-50 *et seq.* ("NCDCA") and the North Carolina Collection Agency Act, N.C. Gen.Stat. § 58-70 *et seq.* ("NCCAA") against MIDLANT CREDIT MANAGEMENT, INC.:

### I. INTRODUCTION

1. Ms. Green brings this action for the illegal practices of the Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") regarding its attempts to unlawfully, misleadingly, and abusively collect a debt allegedly owed by Ms. Green from a third party.

2. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

Original Complaint Kim Green vs. Midland Credit Management        Page 1 of 12

Case 3:19-cv-00681-GCM   Document 11   Filed 06/12/20   Page 1 of 12

3. Ms. Green believes that any and all violations by MCM as alleged in this Complaint were knowing, willful, and intentional, and MCM did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. The occurrences which give rise to this action occurred in Union County, North Carolina.

6. Venue is proper in the Western District of North Carolina under 28 U.S.C. § 1391(b) because many of the acts and transactions giving rise to this action as alleged in this Complaint.

## III. PARTIES

7. Plaintiff, Kim C. Green ("Green"), is a natural person who resides in Union County, in the State of North Carolina.

8. Ms. Green is a "consumer" as defined by 15 U.S.C. § 1692a(3), N.C. Gen.Stat. §58-70-90(2), and N.C. Gen. Stat. §75-50(1).

9. MCM is a Corporation organized under the laws of the State of Kansas and does business within the State of North Carolina.

10. MCM has a registered agent named CORPORATION SERVICE COMPANY who has a physical address for service 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608, and a principal place of business at 350 Camino De La Reina, Suite 300, San Diego, CA 92108, USA.

11. MCM is licensed to do business in North Carolina with the North Carolina Department of Insurance with permits #101659, #4182, #4250, #3777, #111895, #112039 ,#113170, #113236, and #112678.

12. MCM is in the business of debt collection.

13. MCM is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

14. MCM is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. MCM may be served through its North Carolina registered agent, CORPORATION SERVICE COMPANY at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608. MCM may also be served through an officer or director of the corporation at its principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, CA 92108.

## IV. FDCPA CLAIMS

16. Ms. Green is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who MCM alleged was obligated to pay a consumer debt (the "Alleged Debt").

17. MCM has attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt were for primarily personal, family, or household purposes.

18. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) meaning any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. That the alleged debt, which is the subject matter is a consumer "debt" meaning any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment as defined by 15 U.S.C.§ 1692a(5).

20. The "communication" meaning the conveying of information regarding a debt directly or indirectly to any person through any medium is that term as is defined by the 15 U.S.C.§ 1692a(2).

21. Ms. Green's injuries caused by MCM's violations of the FDCPA is concrete and actually exist.

22. The FDCPA statutorily creates Ms. Green's right to information as well as a private right of action to enforce this statutorily created right to information.

23. The FDCPA's statutorily created rights go beyond the right to information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

24. Ms. Green's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Ms. Green to better be able to evaluate any claims made against Ms. Green by a debt collector, allowing Ms. Green to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

25. MCM illegally engaged in communication with Brian Green, a third party on his cellular phone at 201.873.2037 as defined in 15 U.S.C. § 1692c(b).

## V. FACTUAL ALLEGATIONS

26. Specifically, the Alleged Debt is a balance MCM alleges is owed by Ms. Green on a credit card with Capital One Bank (USA) N.A.

27. MCM sent a collection letter in an attempt to collect an alleged debt dated November 5, 2019, using the United States Mail to Ms. Green stating that Ms. Green owed $8,681.52 to Midland Credit Management, Inc.

28. The November 5, 2019 letter Ms. Green received from MCM was the initial communication Ms. Green had with MCM ("the Initial Communication").

29. The Initial Communication did not state that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," either on the front or the back of the letter.

30. The Initial Communication did not state that "if the consumer notices the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

31. The Initial Communication did not state that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

32. MCM did not send any written communication including the disclosures required by 15 U.S.C. § 1692g within five (5) days of the Initial Communication.

33. Ms. Green sent MCM a request for validation pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, in a letter dated November 26, 2019 (the "Validation Letter").

34. The Validation Letter dated November 26, 2019 was sent via certified mail using USPS Tracking Number 7019 1640 0001 7279 9616.

35. The Validation Letter stated "All future communication with me MUST be done in writing and sent to the address noted in this letter by USPS as shown in Exhibit 1.

36. The Validation Letter was received by MCM on December 2, 2019, according to the United States Postal Service.

37. On or about November 26, 2019, Ms. Green received a call from "Unknown" party which was displayed on her cellular phone at 201.693.6879. The unknown party asked Ms. Green to acknowledge her name. Once Ms. Green acknowledged her name, the unknown party connected Ms. Green with an MCM agent who introduced herself as Kim. Kim sole purpose in calling Ms. Green cellular phone was an attempt to collect an alleged debt.

38. Ms. Green sent MCM a letter dated November 26, 2019, revoking all calls to her cellular number 201.693.6879 (the "Revoke Communication") as shown in Exhibit 2.

39. The Revoke letter was sent via certified mail using USPS Tracking Number 7019 1640 0001 7250 4791.

40. The Revoke letter was received by MCM on December 3, 2019, according to the United States Postal Service.

41. On or about December 2, 2019, Ms. Green was informed by Brian Green a third party that he received a telephone call to his cellular phone number 201.873.2037 at 2:59 p.m. until 3:09 p.m., which was originated from an "Unknown" party presumably from a land line or an audio dialer from a No Caller ID phone number. The unknown party connected

the third party to an MCM agent name Kim who sole purpose was to communicate a consumer allege debt to a third party.

42. At no time has Ms. Green given her express consent, written or otherwise, to MCM to call Brian Green, a third party's cellular phone number.

43. MCM discussed Ms. Green's personal, confidential, and financial information with a Brian Green, a third party in an attempt to collect an alleged consumer debt.

44. MCM illegally communicated by calling Brian Green's cellular phone, a third party in connection with the collection of a defaulted alleged debt other than the consumer.

45. MCM sent Ms. Green a Second collection letter dated 12/6/2019 which stated "ACT NOW: Attorney review may be the next step" (the "Second Communication").

46. The Second Communication was an attempt to collect a debt as it demanded payment from Ms. Green which stated: "If we don't hear from you or receive payment by 01/5/2020 we may proceed with forwarding this account to an attorney."

47. The Second Communication was sent after MCM received Ms. Green's Validation Letter.

48. Ms. Green sent MCM a second request for validation in a letter dated December 18, 2019 (the "Second Validation Letter").

49. The Second Validation Letter dated December 18, 2019, was sent via certified mail using USPS Tracking Number 7019 0700 0000 2442 1188.

50. The Second Validation Letter was received by MCM on December 23, 2019, according to the United States Postal Service.

51. MCM sent a third communication to Ms. Green using the United States mail system dated January 16, 2020, (the "Third Communication").

Original Complaint Kim Green vs. Midland Credit Management    Page 7 of 12

Case 3:19-cv-00681-GCM   Document 11   Filed 06/12/20   Page 7 of 12

52. The Third communication letter stated MCM has opened an investigation that may take up to 90 days regarding Ms. Green's recent dispute and they will no longer be contacting Ms. Green until their investigation is concluded.

53. MCM's actions caused Ms. Green to suffer damages in the form of stress and anxiety relating to MCM's actions in attempting to collect the Alleged Debt from Ms. Green.

## VI. FIRST CAUSE OF ACTION
## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

54. Ms. Green incorporates by reference all of the above paragraphs of this Original Complaint as though fully stated herein;

55. MCM sent the Initial Communication to Ms. Green in connection with the collection of an alleged debt within the meaning of the FDCPA, said communication being dated November 5, 2019;

56. The Initial Communication did not include the disclosures and notifications required by 15 U.S.C. § 1692g;

57. MCM did not send Ms. Green any additional written notice of the disclosures required by 15 U.S.C. § 1692g within 5 days of the Initial Communication;

58. MCM did not communicate with Ms. Green prior to the Initial Communication;

59. MCM has still not provided Ms. Green with the disclosures required by 15 U.S.C. § 1692g despite sending Ms. Green two additional communications;

60. The FDCPA requires that a debt collector provide in a written communication "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3);

61. The Initial Communication sent by Defendant did not include this statement, and no written communication was sent within 5 days of the Initial Communication including the statement required by 15 U.S.C. § 1692g(a)(3);

62. MCM's actions have caused Ms. Green emotional distress in the form of increased anxiety, worry, and stress relating to Defendant's claims that will be shown with more particularity at a later date;

63. MCM is liable to Ms. Green for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## VII. SECOND CAUSE OF ACTION
## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c *et seq.*

64. Ms. Green re-alleges and incorporates by reference the allegations in paragraphs 15-63 of this Original Complaint;

65. MCM violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of any alleged debt, with any person other than the consumer;

66. Under 15 U.S.C. § 1692k(a)(2)(A), MCM's violation of the FDCPA renders them liable to Ms. Green includes, but not limited to statutory damages, costs, and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Green prays this Court:

a) Declare that MCM's actions violated the FDCPA;

Original Complaint Kim Green vs. Midland Credit Management   Page 9 of 12

Case 3:19-cv-00681-GCM   Document 11   Filed 06/12/20   Page 9 of 12

b) Enter judgment in favor of Ms. Green for statutory damages of $1,000.00 under 15 U.S.C. §1692k(a)(2)(A);

c) Grant such further relief as deemed just.

## VIII. THIRD CAUSE OF ACTION
## COUNT III
### VIOLATIONS OF THE NORTH CAROLINA COLLECTION AGENCY ACT ACT, N.C. Gen.Stat. § 58-70, *et seq.*

67. Ms. Green re-alleges and incorporates by reference the allegations in paragraphs 15-66 of this Original Complaint;

68. Ms. Green is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4);

69. Ms. Green is a "consumer" and as the term is defined by N.C. Gen.Stat. § 58-90-(2);

70. MCM is a "debt collector" and/or "collection agency" engaged in the act and/or practice of debt collection as defined by N.C. Gen.Stat. §§ 58-70-15, and 58-70-90(1);

71. MCM violated N.C. Gen.Stat. § 58-70-110(1) in its deceptive and misleading representation by communicating with Ms. Green the consumer, on her cellular phone to whom the alleged debt is owed;

72. MCM violated N.C. Gen.Stat. § 58-70-110(1) in its deceptive and misleading representation by communicating with Brian Green, a third party's cellular phone at 201.873.2037 without permission in an attempt to obtain information concerning a consumer by any fraudulent, deceptive or misleading representation;

73. Under N.C. Gen.Stat. § 58-70-130(b), MCM's violation of the NCCAA renders them liable to Ms. Green includes, but not limited to statutory damages, costs, and reasonable attorney's fees. In addition to actual damages sustained by the Ms. Green as a result of the violation, also be liable to Ms. Green for a penalty in such amount as the court may

Original Complaint Kim Green vs. Midland Credit Management        Page 10 of 12

Case 3:19-cv-00681-GCM   Document 11   Filed 06/12/20   Page 10 of 12

may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Green prays this Court:

a) Declare that MCM's actions violated the NCCAA;

b) Enter judgment in favor of Ms. Green for each and every violation of the NCCAA by MCM. Ms. Green is entitled to statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action under N.C. Gen.Stat. § 58-70-130(b);

c) An award of statutory and actual damages for an amount to be determined by the Court on Motion or at trial;

d) Grant such further relief as deemed just.

## IX. FOURTH CAUSE OF ACTION
## COUNT IV
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT
### N.C. Gen.Stat. § 75-50, *et seq.*

74. Ms. Green re-alleges and incorporates by reference the allegations in paragraphs 16-73 of this Corrected Original Complaint;

75. Ms. Green is a consumer as defined by N.C. G.S. § 75-50(1);

76. MCM is a debt collector as defined by N.C. G.S. § 75-50(3);

77. MCM violated N.C. G.S. § 75-54 by communicating with Brian Green, a third party in an attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation;

Original Complaint Kim Green vs. Midland Credit Management　　　　　　　　　　Page 11 of 12

Case 3:19-cv-00681-GCM   Document 11   Filed 06/12/20   Page 11 of 12

78. Under N.C. G.S. § 75-56(b) MCM's violation of the NCDCA renders them liable to Ms. Green includes, but not limited to statutory damages, costs, and attorney's fees civil penalties the court may allow, but not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000) for each violation.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Green prays that this Court:

a) Declare that MCM's actions violated the NCDCA;

b) Enter judgment in favor of Ms. Green for each and every violation of the NCDCA by MCM. Ms. Green is entitled to statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action under the N.C. Gen.Stat. § 75-56(b);

c) An award of statutory and actual damages for an amount to be determined by the Court on Motion or at trial;

d) Grant such further relief as deemed just.

## DEMAND FOR TRIAL BY JURY

Ms. Green hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 12, 2020.    Respectfully Submitted,

Kim C. Green
113 Indian Trail Road N, Suite 280
Indian Trial, NC 28079
kimcgreen@gmail.com
201.693.6879
*Pro Se Plaintiff*