# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# <u>CHARLOTTE DIVISION</u>

| | |
|---|---|
| KIM C. GREEN,<br><br>      *Plaintiff*,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>      *Defendant*. | Civil Action No. 3:19-cv-681-GCM |

## MIDLAND CREDIT MANAGEMENT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Midland Credit Management, Inc. ("Midland" or "Defendant"), by counsel, and submits its Answer and Affirmative Defenses in response to the Complaint ("Complaint") filed by Plaintiff Kim C. Green ("Plaintiff").

## PLAINTIFF'S PRELIMINARY STATEMENT

The allegations of this paragraph purport to characterize the claims asserted and relief sought in this action. To the extent this paragraph can be construed as alleging any facts, Midland denies that it violated the Fair Debt Collection Practices Act ("FDCPA"), the North Carolina Debt Collection Act ("NCDCA") and/or the North Carolina Collection Agency Act ("NCCAA"). Any remaining factual allegations contained in this paragraph are denied.

### I.    PLAINTIFF'S INTRODUCTION

1. The allegations in Paragraph 1 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they

are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

2. The allegations in Paragraph 2 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

3. The allegations in Paragraph 3 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

## II. JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

5. Paragraph 5 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

6. Paragraph 6 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

## III. PARTIES

7. Midland admits Plaintiff is a natural person allegedly residing in Union County in the State of North Carolina.

8. Paragraph 8 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

9. Paragraph 9 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

10. Paragraph 10 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

11. Paragraph 11 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

12. Paragraph 12 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

13. Paragraph 13 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

14. Paragraph 14 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

15. Paragraph 15 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

### IV. PLAINTIFF'S FDCPA CLAIMS

16. The allegations in Paragraph 16 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

17. The allegations in Paragraph 17 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

18. The allegations in Paragraph 18 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

19. The allegations in Paragraph 19 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

20. The allegations in Paragraph 20 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

21. The allegations in Paragraph 21 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which

they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

22. The allegations in Paragraph 22 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

23. The allegations in Paragraph 23 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

24. The allegations in Paragraph 24 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

25. The allegations in Paragraph 25 are denied.

## V. PLAINTIFF'S FACTUAL ALLEGATIONS

26. The allegations in Paragraph 26 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which

they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

27. The allegations in Paragraph 27 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

28. The allegations in Paragraph 28 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

29. The allegations in Paragraph 29 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

30. The allegations in Paragraph 30 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

31. The allegations in Paragraph 31 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

32. The allegations in Paragraph 32 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

33. The allegations in Paragraph 33 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

34. The allegations in Paragraph 34 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

35. The allegations in Paragraph 35 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which

7
Case 3:19-cv-00681-GCM   Document 16   Filed 07/16/20   Page 7 of 18
108872779v1

they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

36. The allegations in Paragraph 36 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

37. The allegations in Paragraph 37 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

38. The allegations in Paragraph 38 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

39. The allegations in Paragraph 39 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

40. The allegations in Paragraph 40 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

41. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies the same. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

42. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore denies the same. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

43. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and therefore denies the same. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

44. The allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

46. The allegations in Paragraph 46 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

47. The allegations in Paragraph 47 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

48. The allegations in Paragraph 48 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

49. The allegations in Paragraph 49 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

50. The allegations in Paragraph 50 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which

they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

51. The allegations in Paragraph 51 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

52. The allegations in Paragraph 52 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

53. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies the same. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

## VI. PLAINTIFF'S FIRST CAUSE OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g, *et seq*.

54. Midland incorporates and re-asserts the responses to paragraphs 1 through 53 of the Complaint as if fully stated herein.

55. The allegations in Paragraph 55 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which

108872779v1

they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

56. The allegations in Paragraph 56 of the Complaint are denied.

57. The allegations in Paragraph 57 of the Complaint are denied.

58. The allegations in Paragraph 58 of the Complaint are denied.

59. The allegations in Paragraph 59 of the Complaint are denied.

60. The allegations in Paragraph 60 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to documents which speak for themselves. To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied. To the extent Plaintiff alleges that Midland has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied.

61. The allegations in Paragraph 61 of the Complaint are denied.

62. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies the same.

63. Midland denies that Plaintiff is entitled to any of the relief sought in Paragraph 63 and avers that Plaintiff is not entitled to any relief whatsoever.

### VII. PLAINTIFF'S SECOND CAUSE OF ACTION
### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e, *et seq.*

64. Midland incorporates and re-asserts the responses to paragraphs 1 through 63 of the Complaint as if fully stated herein.

65. The allegations in Paragraph 65 of the Complaint are denied.

66. Midland denies that Plaintiff is entitled to any of the relief sought in Paragraph 66 and avers that Plaintiff is not entitled to any relief whatsoever.

## PLAINTIFF'S PRAYER FOR RELIEF

Midland denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" paragraph as well as all subparagraphs appearing on Pages 9-10 of the Complaint immediately following Paragraph 66 and avers that Plaintiff is not entitled to any relief whatsoever.

   a) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

   b) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

   c) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

### VIII. PLAINTIFF'S THIRD CAUSE OF ACTION
### COUNT III
### VIOLATIONS OF THE NORTH CAROLINA COLLECTION AGENCY ACT
### N.C. Gen. Stat. § 58-70, *et seq*.

67. Midland incorporates and re-asserts the responses to paragraphs 1 through 66 of the Complaint and all responses to Plaintiff's unnumbered allegations and subparagraphs as if fully stated herein.

68. Paragraph 68 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

69. Paragraph 69 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

70. Paragraph 70 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

71. The allegations in Paragraph 71 of the Complaint are denied.

72. The allegations in Paragraph 72 of the Complaint are denied.

108872779v1

73. Midland denies that Plaintiff is entitled to any of the relief sought in Paragraph 73 and avers that Plaintiff is not entitled to any relief whatsoever.

**PLAINTIFF'S PRAYER FOR RELIEF**

Midland denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" paragraph as well as all subparagraphs appearing on Page 11 of the Complaint immediately following Paragraph 73 and avers that Plaintiff is not entitled to any relief whatsoever.

a) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

b) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

c) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

d) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

## IX. PLAINTIFF'S FOURTH CAUSE OF ACTION
### COUNT IV
### VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT
### N.C. Gen. Stat. § 75-50, *et seq*.

74. Midland incorporates and re-asserts the responses to paragraphs 1 through 73 of the Complaint and all responses to Plaintiff's unnumbered allegations and subparagraphs as if fully stated herein.

75. Paragraph 75 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

76. Paragraph 76 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

77. The allegations in Paragraph 77 of the Complaint are denied.

78. Midland denies that Plaintiff is entitled to any of the relief sought in Paragraph 78 and avers that Plaintiff is not entitled to any relief whatsoever.

## PLAINTIFF'S PRAYER FOR RELIEF

Midland denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" paragraph as well as all subparagraphs appearing on Page 12 of the Complaint immediately following Paragraph 78 and avers that Plaintiff is not entitled to any relief whatsoever.

a) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

b) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

c) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

d) Midland denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

## AS TO JURY DEMAND

Plaintiff's demand for a jury trial is not a factual allegation to which any response is required.

## AS TO ANY REMAINING FACTUAL ALLEGATIONS

Any remaining factual allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Midland asserts affirmative defenses as follows:

1. To the extent the Plaintiff's claims are subject to an Arbitration Agreement requiring mandatory and binding arbitration, this Court lacks subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

2. Plaintiff has failed to state any claims against Midland upon which relief may be granted.

3. Plaintiff's damages are speculative, lack any viable legal basis, and are not causally connected to Midland's alleged actions or inaction.

4. Plaintiff's claims must be dismissed to the extent they are covered by an arbitration agreement.

5. Midland complied with FDCPA and is entitled to each and every defense stated in the FDCPA and any and all limitations of liability.

6. Midland complied with NCCAA and is entitled to each and every defense stated in the FDCPA and any and all limitations of liability.

7. Midland complied with NCDCA and is entitled to each and every defense stated in the FDCPA and any and all limitations of liability.

8. Plaintiff's damages are the result of acts or omissions committed by other parties over whom Midland had no responsibility or control.

9. Midland did not commit any negligent, intentional, willful, or malicious acts.

10. Plaintiff's claims are barred to the extent that any alleged damages were caused by factors and conduct other than, and unrelated to, any conduct of Midland, including but not limited to the conduct of other entities over which Midland had no control.

11. With respect to Plaintiff's demands for punitive damages, Midland incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

Midland reserves the right to set forth additional defenses if and when additional facts become known.

## RELIEF REQUESTED

Defendant Midland Credit Management, Inc. respectfully requests entry of an Order: (a) dismissing the Complaint in its entirety with prejudice; (b) granting judgment in favor of Midland and against Plaintiff; and (c) granting Midland such other and further relief as this Court deems necessary and just.

Respectfully Submitted:

Dated: July 16, 2020

By: */s/ Keaton C. Stoneking*
Keaton C. Stoneking, Esq.
North Carolina Bar No. 53627
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4050
Facsimile: 704.998.4051
Keaton.Stoneking@troutman.com

*Counsel for Defendant*
*Midland Credit Management, Inc.*

108872779v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of July 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to Plaintiff, who is registered to receive electronic notifications in connection with this matter, and that I also caused a copy of the foregoing to be sent via U.S. Mail to the *pro se* litigant at the following address:

Kim C. Green
113 Indian Trial Rd. N
Suite 280
Indian Trail, NC 28079
Telephone: (201) 693-6879

*/s/ Keaton C. Stoneking*
Keaton C. Stoneking, Esq.